**Geoffrey Polk**
7627 Lake St Ste 206 A34
River Forest, IL  60305
(312)929-3861

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **GEOFFREY POLK,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: |
| | ) |
| | ) |
| | ) |
| **THE TEXAS INSURANCE** | ) |
| **COMMISSIONER, CASSIE BROWN** | ) |
| **IN HER OFFICIAL CAPACITY** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Geoffrey Polk ("Polk" or "Plaintiff"), *pro se*, files this Complaint, and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

2. The Defendant is subject to the personal jurisdiction of this Court because they are an officer of the state of Texas and thus reside in the state of Texas.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this suit occurred in this district.

1

**FACTUAL ALLEGATIONS**

4. Polk is an attorney, licensed and in good standing in forty-six (46) states, including Illinois, Indiana, Texas, Maryland, Florida, the District of Columbia, Wisconsin, North Carolina, North Dakota, Idaho, Georgia, Washington, South Dakota (currently inactive), Arkansas, Iowa, Nebraska, West Virginia, Michigan, Montana, Minnesota, Wyoming, Missouri, Vermont, Virginia, Pennsylvania, New Hampshire, Maine, Massachusetts, Colorado, New Mexico, New Jersey, Alaska, Utah, Connecticut, South Carolina, Arizona, Oklahoma, Oregon (currently inactive), Ohio, Rhode Island, Kentucky, New York, Alabama, Louisiana (Limited License to practice pursuant to, Rules of Supreme Court of Louisiana, Rule XVII §14), the Virgin Islands, and Kansas.

5. Polk holds an active resident Title Producer license in Florida, License No. G098349.

6. Polk holds non-resident Title Producer licenses in Indiana, Wisconsin, North Dakota, West Virginia, Georgia, Maryland, Montana, Pennsylvania, Michigan, Virginia, , Tennessee, New Jersey, South Carolina, Colorado, Ohio, North Carolina, Minnesota, Nevada, New Hampshire, Rhode Island, Maine and Vermont as well as Title Examination and Escrow licenses in Utah.  Polk holds a non-resident Qualified Title Principal Agent license in Missouri.

7. Polk is a legal resident of the state of Florida and is currently domiciled in Illinois.

8. On April 1, 2025, Polk applied for a Texas Escrow Officer License (hereafter "Escrow Officer License.")

9. On April 2, 2025, the Defendants denied the same, stating that "Due to not residing in the State of Texas or any state next to Texas, you do not qualify for an Escrow Officer license

2

or appointment." A true and complete copy of the denial is attached hereto, made a part hereof, and marked as <u>Exhibit A</u>.

10. On April 8, 2025, the Defendant provided Plaintiff with a letter, further stating "you do not qualify for an escrow officer license at this time." A true and complete copy of the letter is attached hereto, made a part hereof, and marked as <u>Exhibit B</u>.

11. Polk did not have, nor does he have, any intention to reside in Texas nor an adjacent state.

12. Polk is not a bona fide resident of Texas or a "state adjacent" to Texas.

13. Polk desires to obtain his Texas Escrow Officer License and is being precluded from the same by Section 2652.051(c)(1) of the Texas Insurance Code.

14. Obtaining a Texas Escrow Officer License is a "fundamental right" and a "common calling" of Polk.

15. The Texas Insurance Commissioner is charged with making determination relating to the licensure of Texas Escrow Officers.

16. Polk otherwise qualifies for an Escrow Officer license absent the residency requirement.

17. Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code's requirement that an applicant be a "bona fide resident" of Texas or an adjacent state is an unconstitutional discrimination against Polk in violation of the Privileges and Immunities Clause of the United States Constitution.

18. Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code's requirement that an applicant be a "bona fide resident" of Texas or an adjacent state is not "closely related to the advancement of a substantial state interest."

19. There is no evidence to indicate that "non-residents" are a "peculiar source of evil" or that Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code's requirement that an applicant be a "bona fide resident" of Texas or an adjacent state is based on or directed at the same.

20. Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code's requirement that an applicant be a "bona fide resident" of Texas or an adjacent state is an unconstitutional discrimination against Polk in violation of the Equal Protection Clause of the United States Constitution, as applied to the states via the 14th Amendment, as it lacks any "rational basis."

## COUNT I:  DECLARATORY JUDGMENT

21. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

22. Polk incorporates by reference all prior paragraphs of the Complaint herein.

23. An actual controversy exists between Polk and Defendant as to Polk's entitlement to an Escrow Officer license.

24. The parties have antagonistic claims involved which indicate imminent and inevitable litigation.

25. Defendant asserts a legal right or policy that the Plaintiff adamantly challenges and deny.

26. Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code residency requirement prevents Polk from receiving an Escrow Officer license in violation of the Privileges and Immunities Clause of the United States Constitution.

27. Polk requests from this Court a Declaratory Judgment declaring Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code residency requirement unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution.

28. Polk requests from this Court a Declaratory Judgment declaring Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code residency requirement unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states via the 14th Amendment.

## COUNT II: INJUNCTIVE RELIEF

29. Polk re-alleges and incorporates by reference the allegations contained in the preceding Paragraphs as if fully set forth herein.

30. Polk incorporates by reference all prior paragraphs of the Complaint herein.

31. Polk's request from this court injunctive relief ordering the Defendant to cease enforcing Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code in violation of the United States Constitution.

32. Polk requests from this Court an order requiring the Defendant to issue Polk, upon proper application, an Escrow Officer License, as required by law, exclusive of any residency requirement.

33. Injunctive relief is necessary because the law precludes the granting to Polk an Escrow Officer License as required by law.

34. Polk is being substantially and irreparably harmed by these actions in that Polk is being precluded from practicing his trade as a title agent.

WHEREFORE, Polk prays to the end, therefore:

A. THAT, this Honorable Court may pass a judgment against Defendants declaring the residency requirement of Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code are unconstitutional and in violation of the Privileges and Immunities clause of the United States Constitution;

B. THAT, this Honorable Court may pass a judgment against Defendants declaring the residency requirements of Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code is unconstitutional and in violation of the Equal Protection clause of the United States Constitution, as applied to the states through the 14th amendment;

C. THAT, this Honorable Court may pass an order of injunctive relief commanding and ordering Defendants to refrain from enforcing the residency requirements of Section 2652.051(c)(1) and Section 2652.056(1) of the Texas Insurance Code that would require Plaintiff to have any residency within the state or an adjacent state;

D. That, this Honorable Court may pass an order to the Defendants requiring them to issue Plaintiff an Escrow Officer License, upon proper application, irrespective of any residency requirement;

E. THAT, Plaintiff may have such other relief as the nature of this cause of action may require.

    //Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph:  312-929-3861
Email :  Geoff@geoffreypolk.com