IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GEOFFREY POLK,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:25-cv-02652 |
| § | | |
| **CASSIE BROWN, IN HER** § | | |
| **OFFICIAL CAPACITY AS THE** § | | |
| **TEXAS INSURANCE** § | | |
| **COMMISSIONER,** § | | |
| *Defendant.* | | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff Geoffrey Polk ("Plaintiff") files this Reply to Defendant, the Texas Insurance Commissioner ("Commissioner"), Response to Plaintiff's Motion for Preliminary Injunction (Dkt. 13).

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 to halt the enforcement of Texas Insurance Code § 2652.051(c)(1), which conditions issuance of an Escrow Officer License on being a "bona fide resident" of Texas or a state adjacent to Texas (the "Residency Requirement"). Plaintiff also challenges § 2652.056(1), which incorporates the same restriction (collectively, the "Statutes").

As previously noted, preliminary injunction is appropriate where the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm absent relief; (3) that the threatened injury outweighs any harm the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.

1

*Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012).

Plaintiff satisfies each element, and the Court should enjoin enforcement of the challenged provisions pending final judgment.

## SUMMARY OF ARGUMENT

Defendant's Response rests on two premises: that there is no fundamental right at stake, and that Texas' residency requirement advances substantial state interests. Both are wrong. The Supreme Court has repeatedly recognized the pursuit of a common calling as a core privilege protected by Article IV, and Texas has offered no evidence—let alone admissible evidence—that nonresidents are a peculiar source of the harms the statute purports to address. Defendant's rationales collapse under their own inconsistencies, and the equities and public interest overwhelmingly favor enjoining enforcement.

Plaintiff's reply demonstrates that Texas's residency requirement for escrow officers is unconstitutional and cannot survive scrutiny. The Privileges and Immunities Clause protects the fundamental right to pursue a common calling, and Defendant offers no evidence that nonresidents pose any unique risk.

The adjacent-state carve-out underscores the statute's arbitrariness and defeats any claimed rationale. Under Equal Protection, the restriction fails even rational basis review because geography has no logical connection to consumer protection, particularly where Plaintiff already holds a Texas law license and is entrusted with client funds.

Each day of enforcement inflicts irreparable harm by excluding Plaintiff from his profession, while Texas suffers no legitimate harm from licensing qualified nonresidents. Longevity does not shield unconstitutional laws. The equities and public interest therefore weigh decisively in favor of enjoining the statute.

**ARGUMENT**

**I.     Privileges and Immunities**

The right to pursue one's lawful occupation is a fundamental privilege. *United Bldg. & Constr. Trades Council v. Camden*, 465 U.S. 208, 219 (1984); *Supreme Ct. of N.H. v. Piper*, 470 U.S. 274, 280 (1985); *Supreme Ct. of Va. v. Friedman*, 487 U.S. 59, 65 (1988). Defendant's assertion that "there is no fundamental right to be an escrow officer" misstates the issue. The right is not to a particular job title, but to ply one's trade free of protectionist barriers. Plaintiff, already licensed as a title professional in dozens of states, seeks to do precisely that in Texas.

Nor has Defendant shown that nonresidents are the "peculiar source of the evil" justifying discrimination. *Toomer v. Witsell*, 334 U.S. 385, 398 (1948). The Response cites speculative concerns about fraud or conflict of laws, but provides no evidence that nonresidents present risks different from residents. The statutory carve-out for "adjacent" states only underscores the arbitrariness: funds are no more secure in Arkansas than in Kansas, and physical proximity has no bearing on competence, bonding, or oversight.

**II.    Equal Protection**

Defendant's Equal Protection defense fares no better. Rational basis review still requires a logical connection between the classification and the stated interest. *Zobel v. Williams, 457 U.S. 55 (1982).* Here, the statute irrationally allows escrow officers from distant corners of "adjacent" states while excluding closer non-adjacent residents. As Plaintiff's brief illustrated, Liberal, Kansas lies closer to Texas than Shiprock, New Mexico—yet only the latter qualifies under the statute. This is the very definition of arbitrary line-drawing.

Even more telling, Plaintiff is already a licensed Texas attorney. If the State entrusts him to manage client funds under an IOLTA account, there is no rational basis to deem him

unfit to disburse escrowed funds as a licensed escrow officer. Defendant's attempt to justify the restriction collapses under the weight of Texas's own regulatory scheme, which already imposes bonding, examination, trust account, and physical presence requirements sufficient to protect consumers.

### III.     Irreparable Harm and Equities

Defendant does not dispute that Plaintiff is excluded from his profession in Texas solely because of the residency requirement. That exclusion is a textbook irreparable injury: "the loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Each day of enforcement prevents Plaintiff from serving clients, generating income, and expanding his established multi-state practice

By contrast, Texas identifies no legitimate harm from licensing a qualified professional who meets every substantive requirement apart from residency. The balance of equities thus tilts sharply toward Plaintiff and vindicating constitutional rights is always in the public interest. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 298 (5th Cir. 2012).

### IV.     Longevity Does Not Immunize Unconstitutionality

Finally, Defendant points to the statute's sixty-year history as if longevity were a defense. It is not. Constitutional infirmities do not ripen into validity with age; many discriminatory laws persisted for decades before being struck down. The mere passage of time cannot transform unlawful discrimination into legitimacy.

### CONCLUSION AND PRAYER

For the foregoing reasons, Defendant has failed to rebut Plaintiff's showing on any element of the preliminary injunction test. As such, Plaintiff, having demonstrated a substantial likelihood

4

of success, ongoing irreparable harm, and that the equities and public interests favor immediate relief, asks this Court to: (1) declare that Sections 2652.051(c)(1) and 2652.056(1) of the Texas Insurance Code violate the Privileges and Immunities Clause and the Equal Protection Clause of the United States Constitution; (2) enter a preliminary and permanent injunction prohibiting Defendant from enforcing these provisions; and (3) grant such further and additional relief as the Court deems just and proper.

   /S/Geoffrey Polk
Geoffrey Polk, Esq.
7627 Lake St. Ste 206 A34
River Forest, IL  60305
Ph:  312-929-3861
Email :  Geoff@geoffreypolk.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of September, 2025, a copy of the foregoing was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

                                                                                         */s/ Geoffrey Polk*
                                                                                         Geoffrey Polk, Esq.